The Honorable Buddy Lovell State Representative 201 West Riverside Drive Marked Tree, Arkansas 72365-2014
Dear Representative Lovell:
I am writing in response to your request for an opinion concerning an ordinance that was adopted by the Quorum Court of Crittenden County in 1996 to create a "Police Radar and Equipment Fund." See Crittenden County Ordinance # 96-17 (entitled "An Ordinance Creating a Fund for the Purchase and Upkeep of Police Equipment.") Your specific questions are as follows:
 1. Would you please examine the ordinance, and let me know if the ordinance runs afoul of any Arkansas laws, both statutory and constitutional?
 2. If so, is there a permissible way for Troop C [of the Arkansas State Police] to be able to receive an appropriation from the County or be the beneficiaries of a special fund?
 3. Does Section II of the Crittenden County Ordinance need to be more specific in the usage or ownership of the purchased equipment?
RESPONSE
The answer to your first question may turn on the proper interpretation of the Ordinance, which is a matter falling outside the scope of this opinion. If the Ordinance is intended to fund the purchase of equipment for the State Police, it is constitutionally suspect, in my opinion, unless facts can be adduced to relate such *Page 2 
use of county funds to "county affairs" as required by Amendment 55 to the Arkansas Constitution. Amendment 55 also provides that the county judge shall authorize and approve the disbursement of appropriated county funds. Accordingly, the Ordinance is suspect to the extent it might be read to suggest that the fund created by the Ordinance will be administered independent of the general requirements for the disbursement of appropriated county funds. In response to your second question, such an appropriation or use of county funds would in my opinion only be permissible under circumstances establishing that it is not an outright donation to support the State Police, but instead is necessary in order to fund county government operations such that it is in furtherance of a "county affair." With regard to your third question, language addressing usage or ownership of the equipment might bear on the question whether the Ordinance is in furtherance of "county affairs," but the inclusion of any such language is an issue appropriately addressed on the local level, perhaps with the assistance of local counsel.
Question 1 — Would you please examine the ordinance, and let me knowif the ordinance runs afoul of any Arkansas laws, both statutory andconstitutional?
The Ordinance provides as follows:
 BE IT ORDAINED BY THE QUORUM COURT OF CRITTENDEN COUNTY: AN ORDINANCE CREATING A FUND FOR THE PURCHASE AND UPKEEP OF POLICE EQUIPMENT Section I: Two dollars ($2.00) of each and every fine paid to the County General Fund by the Municipal Court Clerk's office at West Memphis in Crittenden County shall be deposited into a special fund known as the Police Radar and Equipment Fund.
 The fund so created shall be designated the Police Radar and Equipment Fund and expenditures from it may be made only upon the approval of the County Sheriff of Crittenden County and the Post Sergeant stationed with the Arkansas State Police at Marion, AR and the Troop Commander of Troop D. *Page 3 
 Section II: All expenditures from the Fund will be used to purchase only police equipment, radar equipment, radar certification, and emergency equipment.
 Section III: This Ordinance being necessary for the public peace, health, and safety, an emergency is hereby declared to exist and this Ordinance shall be in full force and effect from and after its passage and approval.
Crittenden County Ordinance # 96-17 (Aug. 20, 1996).
In correspondence previously sent to my office concerning this Ordinance, the statement was made that the Ordinance "created a special fund for the purchase of equipment for the local State Troopers." Letter from Captain Tommy Wicker to Attorney General Dustin McDaniel (Dec. 27, 2007). I note, however, that unlike a similar ordinance that was the subject of an opinion issued by one of my predecessors, see Op. Att'y Gen. 98-036, discussed further below, the Ordinance does not identify the fund as a "State Police Equipment Fund." Nor does it explicitly state that the fund created by the Ordinance is intended to fund the purchase of equipment for the State Police, although it does state that the Sheriff and the "Post Sergeant stationed with the Arkansas State Police . . ." must approve expenditures. An initial question thus arises whether the Ordinance is in fact intended to fund the purchase of equipment for the State Police. In this regard, I must note that not being a finder of fact, I am neither authorized nor equipped to opine regarding the Quorum Court's intentions with respect to expenditures from the "Police Radar and Equipment Fund" created by this Ordinance. As my predecessors and I have noted on many occasions, this office cannot decide factual issues or construe local ordinances. See, e.g., Op. Att'y Gen. Nos. 2007-235 and 2005-278 (and opinions cited therein). The interpretation of local ordinances necessarily involves a determination of the intent of the local legislative body, a factual matter that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the local legislative body that is not apparent from the face of the ordinance. The awareness of such factors is a matter within the local domain, rather than the domain of this office.
I will nevertheless note that if it is established that the Ordinance is intended to fund the purchase of equipment for the State Police, then in my opinion the Ordinance in that instance is constitutionally suspect unless facts can be adduced *Page 4 
to relate such use of county funds to "county affairs" as required by Amendment 55 to the Arkansas Constitution. One of my predecessors so concluded regarding a similar proposed Cross County ordinance that would have created a special fund known as the "State Police Equipment Fund." Op. Att'y Gen. 98-036. My predecessor identified the following problem with such an ordinance:
 The first [problem] involves a question of whether the funding of equipment for the Arkansas State Police, a state created and supported entity, is a proper county purpose or a "local matter" for purposes of quorum court legislative authority under Arkansas Constitution, Amendment 55. The resolution of this question would, in all likelihood, require a factfinder. Clearly, the county benefits from the activities of the state police, in more ways than one, and the Arkansas General Assembly has authorized counties, in at least limited circumstances, to provide equipment to that agency. See, e.g., A.C.A. § 12-10-207(4) (authorizing counties, at their own expense, to place complete mobile radios in state police vehicles). The quorum court, however, may not exercise any independent legislative authority not relating to "county affairs" (Amendment 55, § 1(b)). It may be argued that the support of a state agency, in this case the State Police, is not a `county affair' about which the quorum court has independent authority to legislate. See, e.g., Venhaus v. State ex rel. Lofton, 285 Ark. 23, 684 S.W.2d 252 (1982) (salaries of circuit court employees is not a county affair, as they are state employees).
Op. Att'y Gen. 98-036 at 4. See also Op. Att'y Gen. 95-309 (opining that a county lacks authority to make an outright donation to a state agency).
I fully agree with this assessment. Although quorum courts have considerable discretion pursuant to Amendment 55 in crafting local laws,see Ark. Const. amend. 55, § 1(a) (providing that "[a] county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law,") Amendment 55 also declares that "[n]o county may . . . exercise any authority not relating to county affairs." Id. at § 1(b). See also A.C.A. § 14-14-801 (Repl. 1998) (affording the quorum court local legislative authority to "[p]rovide for any service or performance of any function relating to countyaffairs. . . ." Emphasis added). I agree with my predecessor that the support of a state agency such as the *Page 5 
State Police through a donation arguably is not a "county affair" within the Quorum Court's local legislative authority.
One other aspect of the Ordinance raises a separate constitutional concern. In stating that expenditures from this special "Police Radar and Equipment Fund" "may be made only upon the approval of the County Sheriff of Crittenden County and the Post Sergeant . . .," it is somewhat unclear whether the Ordinance intends for the fund to be administered independent of the general requirements for the disbursement of funds appropriated by county quorum courts. In my opinion, this special fund comprised of fine proceeds must be maintained in the county treasury and appropriated by the quorum court.See A.C.A. § 21-6-310 (Repl. 2004) ("All fees, fines, penalties, and other moneys collected by any county officer, deputy, or county employee shall be deposited with the county treasurer . . . and, unless otherwise provided by law, shall be placed in the county general fund."); Ark. Const. art. 16, § 12 ("No money shall be paid out of the treasury until the same shall have been appropriated by law . . ."); Mackey v.McDonald, 255 Ark. 978, 501 S.W.2d 726 (1974) (noting that art. 16, § 12 applies to counties); A.C.A. § 14-14-1102(b)(2)(C)(i) (Repl. 1998) (same language as Ark. Const. art. 16, § 12). This is in contrast to funds that are not subject to appropriation because they are maintained outside the county treasury pursuant to a specific statute. See,e.g., A.C.A. § 21-6-307(b)(2) (Repl. 2004) (providing that a portion of all fees collected by the sheriff shall be used to establish a special fund known as the "communications facility and equipment fund.") Seealso Op. Att'y Gen. 2002-008 (discussing subsection 21-6-307(b)(2)). Additionally, under A.C.A. § 14-23-104 (Repl. 1998), no money appropriated by the county quorum court shall be paid out of the county treasury without an order of the county court. Supporting documentation is also necessary for disbursement from the fund. Id. at-105. These requirements stem from Ark. Const. amend. 55, § 3, which provides in part that the county judge shall have custody of county property and shall "authorize and approve disbursement of appropriated county funds."See also A.C.A. 14-14-1101(a)(2) (Repl. 1998). The procedures that must be followed by the county judge in performing this duty are set out in A.C.A. 14-14-1102(b)(2) (Repl. 1998). For a more thorough review of the county claims process, see Op. Att'y Gen. 91-407.
I believe it is clear that these procedures apply to the special "Police Radar and Equipment Fund" in the county treasury. Accordingly, to the extent the Ordinance might be read to provide otherwise, it is constitutionally suspect. *Page 6 Question 2 — If so, is there a permissible way for Troop C [of theArkansas State Police] to be able to receive an appropriation from theCounty or be the beneficiaries of a special fund?
As indicated above, such an appropriation or use of county funds would in my opinion only be permissible under circumstances establishing that it is not a donation to support the State Police, but instead is in furtherance of a county affair. See Ark. Const. amend. 55, § 4 ("In addition to other powers conferred by the Constitution and by law, the Quorum Court shall have the power to . . . adopt ordinances necessary for the government of the county.").
Question 3 — Does Section II of the Crittenden County Ordinance needto be more specific in the usage or ownership of the purchasedequipment?
In my opinion, a provision addressing usage or ownership of the equipment could factor into the analysis of whether the Ordinance is in further of "county affairs" so that is a proper exercise of the Quorum Court's local legislative authority. However, the inclusion of any such language is an issue appropriately addressed on the local level, perhaps with the assistance of local counsel.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
 DM:EAW/cyh *Page 1